| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ELMER & RUTH SHEPPARD | BENFCL/HFC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Shinbaum, McLeod, & Campbell, P.C.<br>PO BOX 201<br>Montgomery, AL 36101  334-26944440 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF CREDITOR'S INTEREST IN PROPERTY OF THE ESTATE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ELMER & RUTH SHEPPARD | BANKRUPTCY CASE NO.<br>08-31435 | |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE | DIVISION OFFICE | NAME OF JUDGE<br>D. WILLIAMS |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/S/RICHARD D. SHINBAUM | | |
| DATE<br><br>8/13/08 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>RICHARD D. SHINBAUM | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

| | | |
|---|---|---|
| **In the Matter of:** | } | |
| | } | Case No. 08-31435 |
| Elmer D. Sheppard | } | |
| Ruth Maria Sheppard | } | Chapter 13 |
| | } | |
| **Debtor(s)** | } | |

## COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF CREDITOR'S INTEREST IN PROPERTY OF THE ESTATE

Comes now the debtor and pursuant to 11 U.S.C. § 506(a) requests a determination as to the validity and extent of's interest in certain property of the estate and as grounds for its complaint states as follows:

1. Plaintiff is the debtor in the above Chapter 13 case having filed a voluntary petition on July 28, 2008.

2. BENFCL/HFC asserts a claim against the debtor which is secured by a second mortgage on the homestead of the debtor.

3. This court has jurisdiction over this Adversary Proceeding pursuant to 11 U.S.C. § 1334 (b) and §157(a). This is a core proceeding pursuant to 28 U.S.C.§ 157(b)(K).

4. Creditor asserts a security interest in the debtor's real property located at 2060 Lee Road 117, Opelika, AL with a debt owed of approximately $25,000.00. Said property also secures a first mortgage to Homecoming Financial in the amount of $55,187. The value of said property is approximately $17,518.00.

5. The debtor asserts that the value of the property securing BENFCL/HFC's claim is less than the amount of creditors claim and, accordingly, pursuant to 11 U.S.C. § 506(a) creditor holds a secured claim to the extent of any equity in the property. Debtor asserts that there is no equity in the property for the 2nd lien to attach to and therefore is unsecured.

Wherefore, Plaintiff prays that this Court determine the validity and extent of creditors lien against the property of the estate and in the process determine the amount of creditors secured claim. To the extent that secured parties claim is unsecured, the debtors prays that this Court avoid the lien pursuant to 11 U.S.C. § 506(d).

Respectfully submitted,

/s/ Richard D. Shinbaum
Attorney for Debtor:
Richard D. Shinbaum
Shinbaum, McLeod & Campbell, P.C.
566 South Perry Street

Post Office Box 201
Montgomery, AL 36101-0201
334-269-4440